O'NIELL, J., is recused.

---

(68 South. 732)

No. 21275.

STATE v. EVANS.

(May 24, 1915.)

*(Syllabus by Editorial Staff.)*

JURY ☞72—VENIRE—STATUTE.

Under Act No. 135 of 1898, § 11, as amended by Act No. 182 of 1914, reading that it shall be the duty of the jury commission when it draws a regular petit jury for the trial of criminal cases to select 100 tales jurors, etc., and that such jurors shall possess the qualifications of regular jurors, and section 15, providing that no irregularity in the manner of selecting the jury shall be sufficient cause for setting aside the venire, unless some fraud was practiced or some great wrong committed in the selection, where the tales jurors were all selected from one ward of the parish in which the city of A. was situated, and not from different portions of the parish, such venire was proper, in the absence of any fraud or wrong on the part of the commissioners.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 333–347; Dec. Dig. ☞72.]

Appeal from Thirteenth Judicial District Court, Parish of Rapides; James Andrews, Judge.

George Evans was convicted of larceny, and he appeals. Affirmed.

Cecil L. Whitehead, of Alexandria, for appellant. R. G. Pleasant, Atty. Gen. (John R. Hunter, Dist. Atty., of Alexandria, and G. A. Gondran, of New Orleans, of counsel), for the State.

PROVOSTY, J. By Act No. 135 of 1898, p. 216, the qualification of jurors for the trial of criminal cases is fixed, and by section 4 of the act the jury commissioners are required to "select from persons qualified under this act to serve as jurors the names of 300 competent, good, and true men," and to write each of these names upon a separate slip of paper, together with the number of the ward and the residence of the person, and then to select from said list "the names of 20 citizens to be taken from the different portions of the parish as far as practicable" to serve as grand jurors, and after having done this, to place the remaining slips in a box, and after having mixed them well, to draw therefrom the names of 30 persons for each week of the next ensuing term of court to serve as petit jurors.

Section 11 of the same act reads, as follows:

"That whenever the district judge thinks proper, he shall require the jury commission to select additional jurors * * * or talesmen, pursuant to the formalities prescribed in section 4 of this act, except as to publication of the list of jurors so drawn, which shall not be necessary, and they shall be summoned without delay or within the time required by the judge, but nothing herein contained shall be so construed as to limit the right of the judge in criminal cases, after the list of jurors or talesmen drawn by the commission is exhausted, after the trial * * * commenced to order the summoning of talesmen from among the bystanders or persons in proximity to the courthouse, or from any portion of the parish, remote from the scene of the crime, which the judge may designate."

This section was amended by Act No. 182 of 1914, p. 341, so as to read as follows:

"That it shall be the duty of the jury commission at each time that it selects or draws a regular petit jury for the trial of criminal cases, and at such other times as the court may order, to select one hundred tales jurors, good men and true, and place their names in a box to be known as the tales jury box, securely lock the same and deliver it with the key thereto to the district clerk of the parish, who shall keep the same unopened and locked in his possession until ordered by the court to produce the same. If on the trial of any criminal case the regular venire is exhausted, or it appears that it will be exhausted, before the selection of a jury therein, the court shall instruct the clerk to open such

tales jury box and draw therefrom such number of tales jurors as in its judgment may be necessary to serve on said case, and it shall be the duty of the sheriff to forthwith summons such tales jurors to serve in said case, and it shall be the duty of such tales jurors so summoned to report immediately for jury service in said court in said case, and no tales jurors shall be summoned or be permitted to serve on such jury except as so drawn; provided, that the names of the tales jurors drawn from such tales jury box, and who do not serve, shall not be returned to said tales jury box by the district clerk, but the slips upon which said names are written shall be destroyed in the presence of the court by the district clerk; and provided that the jury commission may at any time, without the order of the court, supplement the names of tales jurors in said tales jury box, until the full complement of one hundred is reached. All tales jurors shall possess the same qualifications as provided for regular jurors, but no publication of·the tales jury list shall be necessary, but a copy of same, as drawn by the clerk, shall be furnished the defense before the trial shall proceed. The jury commission shall not make known in any manner the names placed in said tales jury box, and should any of them do so he shall be held in contempt of court and punished accordingly."

The accused, who was tried for larceny and was convicted, complains that, instead of selecting the tales jurors from the "different portions of the parish, the jury commissioners selected them all from the one ward in which the city of Alexandria is situated."

He says that the evil that was aimed at by this amendment was the practice which had theretofore prevailed by practically leaving the selection of tales jurors to the discretion of the officers of court, that this evil is not remedied, and the object of the act not accomplished, and its spirit is violated by the course pursued by the commissioners in this case.

The answer is that the act very clearly confers upon the commissioners the right and power of selection, and expressly provides by its section 15 that no defect or irregularity in the manner of selecting the jury shall be sufficient cause for setting aside the venire "if it shall not appear that some fraud has been practiced or some great wrong committed in the selection."

No suggestion of any improper motive on the part of the commissioners is suggested in this case.

Judgment affirmed.